W. CARLTON BECKER, PLAINTIFF-RESPONDENT, v. RUBY M. WELLIVER, FORMERLY KNOWN AS RUBY M. BROADHEAD, DEFENDANT-APPELLANT.

Submitted October 5, 1943—Decided December 23, 1943.

Before Justices CASE, DONGES and PORTER.

For the appellant, *Jerome Alper & Alper* (*Samuel B. Friedman,* of counsel).

For the respondent, *Corbin & Corbin* (*Ralph A. Corbin,* of counsel).

The opinion of the court was delivered by

PORTER, J. The defendant appeals from two orders of the District Court, one dated October 23d, 1942, discharging a rule to show cause why the judgment should not be reopened and one dated November 6th, 1942, refusing to set aside the judgment, as improvidently and improperly entered. The judgment was rendered by the judge, sitting without a jury, in favor of the plaintiff. From the state of case, settled by the trial judge, it appears that the suit was to recover $135 claimed to be due from the defendant for rent of certain premises for the months of June, July and August, 1942. No appearance was made by the defendant on the return day, and that fact was noted on the court calendar. No specification of defenses was filed, though demanded. Upon affidavits of proof being filed by the plaintiff of the amount owing, a judgment in favor of the plaintiff and against the defendant in the sum of $135 was duly entered.

After a writ of execution had been issued and levy made after the time for appeal had expired, the defendant presented to the trial court a verified petition praying that the judgment be set aside and that the case be set down for trial on its merits, asserting that she had a just and meritorious defense to the action. A rule to show cause was allowed. Upon its return the court accepted affidavits from both sides and upon considering same and arguments of counsel concluded that no sufficient ground had been shown to reopen and set aside the judgment. The state of case then gives these further conclusions of the trial court: "that there was no adequate proof of the existence of a good and meritorious defense, except that a question arose before the court as to whether or not the rent for June, 1942, was actually paid, the defendant's attorney having produced a receipt in court allegedly showing payment of rent for that month, in consequence of which the court on its own motion indicated to plaintiff's attorney that if he would agree to a reduction in the amount of the judgment to the extent of $45, the said rule to show cause would be discharged, otherwise it would be made absolute; thereupon, plaintiff's attorney elected in open court to a reduction of judgment from $135 to $90, upon which the court directed him to submit an order in accordance therewith." Such an order was later entered.

On November 6th, 1942, the appellant petitioned the court for a rule to show cause why the judgment should not be vacated and set aside because the affidavit on which the judgment was entered was insufficient and also alleging certain other technical defects in the proceedings.

Whether to grant rules to show cause and the disposition thereof when granted is within the sound discretion of the trial court and is not grounds for error unless an abuse of discretion is shown. *Kople* v. *Zalon,* 122 *N. J. L.* 422; 5 *Atl. Rep.* (2d) 750. An abuse of discretion must be such as to shock reason and justice. *Nelson* v. *Eastern Air Lines, Inc.,* 128 *N. J. L.* 46 (at *p.* 58); 24 *Atl. Rep.* (2d) 371. As stated, on the return day, this case was marked "no appearance." The suit was thus impressed with an interlocutory judgment. *Edelstein* v. *Hub Loan Co.,* 130 *N. J. L.* 511

(at *p.* 516) ; 32 *Atl. Rep.* (*2d*) 829. The plaintiff was then clearly entitled to final judgment upon filing proofs of damage, subject to the proper control of the trial court. With respect to the petition for vacating the judgment which was made on November 6th, we conclude that the affidavit of proof upon which judgment was entered was not defective as alleged but was in substantial compliance with the statute *R. S.* 2:32–118 and 119, nor do we think there is merit in any of the other alleged defects in the proceedings. Tested by these rules we conclude that there was no abuse of discretion on the part of the trial judge. There was some conflict in the proofs before him on the rule to show cause, and there was some justification for his reducing the judgment from $135 to $90. Under the circumstances his action is not shocking to reason or justice. The reduction in the amount of the judgment was agreed to by the plaintiff, and being in the interest of the defendant she may not be heard to complain.

The judgment under review is affirmed, with costs.